58 A.3d 751

COMMONWEALTH of Pennsylvania, Petitioner

v.

Antonio JONES, Respondent.

No. 389 EAL 2012.

Supreme Court of Pennsylvania.

Dec. 26, 2012.

*ORDER*

PER CURIAM.

**AND NOW,** this 26th of December, 2012, the Petition for Allowance of Appeal is GRANTED. The July 20, 2012 order of the Superior Court is **VACATED,** and this matter is **REMANDED** for reconsideration in light of this order and our decision in *Commonwealth v. Jette,* 611 Pa. 166, 23 A.3d 1032 (2011).

The Superior Court entered decisions on November 20, 2008 and April 7, 2009 in accordance with that court's then-existing procedure as set forth in *Commonwealth v. Battle,* 879 A.2d 266 (Pa.Super.2005). On September 14, 2011, we entered an order granting the Commonwealth's petition for allowance of appeal, vacating the Superior Court's determination, and remanding for the lower court to reconsider this matter in light of this Court's decision in *Jette.*

On July 20, 2012, the Superior Court issued a decision that it need not alter its previous determinations under *Battle.* *See* 1294 EDA 2007 (memorandum opinion). The court also noted that, per *Jette,* "the correct response to any *pro se* pleading filed by a represented appellant is for this Court to refer the pleading to counsel and to take no other action on the issues in the *pro se* pleading unless counsel forwards us a motion or other document relating to the *pro se* issues." Super. Ct. slip op., dated 7/20/2012, at 5.

The court found that its earlier determinations were in concert with the *Jette* procedure. Upon review of the Commonwealth's current petition for allowance of appeal, and respondent's response, we conclude that those determinations do not comport with *Jette.* The Superior Court's November 20, 2008 and April 7, 2009 decisions did not exercise the judicial restraint dictated by *Jette.* Rather than simply forwarding the *pro se* filings as *Jette* would dictate, the Superior Court took the additional *Battle* step of ordering counsel to submit a petition for remands, which the court then evaluated. When that court-ordered response by counsel was deemed insufficient, the Superior Court took the further step of order-

174

ing counsel to submit yet another petition for remand. Upon evaluating the new petition, the court remanded both for an evidentiary hearing and to appoint new counsel. Those directives did not comport with our *Jette* directive that, following the forwarding of *pro se* filings to counsel, the court is to take no other action unless counsel forwards a motion. The remand petitions forwarded by counsel here were required by the Superior Court, employed the since-disapproved procedure in *Battle*.

Accordingly, the Superior Court is once again directed to examine this matter in light of *Jette*. The lower court is specifically directed to note *Jette's* exhortation that "[g]iven our primary holding rejecting the *Battle* procedure, all that remains to be decided is the issue that [the defendant's] original PCRA counsel actually forwarded." *Id.* at 1045.

Jurisdiction relinquished.